

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Alwin E. Pape
County Attorney
Guadalupe County
Seguin, Texas

Dear Sir:

Opinion No. O-4320
Re: How can a person over sixty years
of age and otherwise a qualified
voter now a resident of Guadalupe
County where no exemption certifi-
cate is issued to him, legally
vote in Bexar County where such
exemption certificate is required
after having been a resident of
Bexar County for six months follow-
ing the end of the poll tax paying
period?

Your letter of January 12, 1942, requesting the
opinion of this Department on the above stated question, reads
as follows:

"The following question has arisen in this County
in the office of the Assessor-Collector of Taxes, and
is referred to your office for opinion:

"Statement

"Guadalupe County, Texas, not containing a city of
ten thousand inhabitants or more, does not and is not
required by law to issue exemption certificates in lieu
of poll tax receipt to persons otherwise qualified by
law to vote and over the age of sixty years.

"Bexar County, Texas, must, and does, issue such
exemption certificates to otherwise qualified voters
over sixty years old.

"Several such persons over sixty years of age, now
residents of this county of Guadalupe, contemplate moving
to Bexar County during the month of February, 1942, for
the purpose of residence there and accepting Civil Service
Employment, or other.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Alwin E. Pape, page 2

"Question

"How can a person over sixty years of age and otherwise a qualified voter now a resident of Guadalupe County, Texas, where no exemption certificate is issued to him, legally vote in Bexar County, Texas, where such exemption certificate is required, after having been a resident of Bexar County for six months following the end of the poll tax paying period?

"Authority

"R.C.S. of Texas  
  Arts: 2955, 2958, 2959,  
      2960, 2961, 2962,  
      2966, 2967, 2968

Opinions, Attorney General:  
0-2434 dated 6-29-40."

This Department held in opinion No. 0-2434:

". . . You are respectfully advised, and it is the opinion of this Department, that those persons residing elsewhere than in a city of 10,000 inhabitants or more and exempt from the payment of a poll tax in accordance with the provisions of Article 2960, Revised Civil Statutes, need obtain no exemption certificate in order to entitle them to vote.

"It is the further opinion of this Department that those exempt from the payment of the poll tax for the reasons set out in Article 2968a, Vernon's Annotated Civil Statutes, and residing elsewhere than in a city of 10,000 inhabitants or more must obtain an exemption certificate on or before the 31st day of January of the year in which they offer to vote, in order to be entitled to cast their ballots."

We are enclosing a copy of opinion No. 0-2434 for your convenience.

Articles 2968 and 2955, Vernon's Annotated Civil Statutes, among other things provide in effect that every person who is exempted by law from the payment of the poll tax, and who is in other respects a qualified voter, who resides in a city of 10,000 inhabitants or more, shall before

Honorable Alwin E. Pape, page 3

the 1st day of February of the year when such voter shall have become entitled to such exemption obtain from the tax collector of the county of his or her residence, a certificate showing his or her exemption from the payment of a poll tax.

Article 2968a, Vernon's Annotated Civil Statutes, provides in part:

"Every person not subject to the disqualification set out in Article 2954 of the Revised Civil Statutes of 1925, who does not reside in a city of 10,000 inhabitants or more, and who is exempt from the payment of the poll tax by reason of the fact that he or she has not yet reached the age of 21 years on the 1st day of January preceding its levy, or who is exempt from the payment of the poll tax because he or she was not a resident of the State on the 1st day of January preceding its levy, but who shall have since become eligible to vote by reason of length of residence or age, shall, on or before the 31st day of January of the year in which he or she offers to vote, obtain from the assessor and collector of taxes for the county of his or her residence a certificate of exemption from the payment of the poll tax, and no such person who has failed or refused to obtain such certificate of exemption from the payment of the poll tax shall be allowed to vote. . . ."

(See the cases of Clark v. Stubbs, 131 S.W. (2d) 663, and Rogers v. Smith et al., 119 S.W. (2d) 678)

The persons mentioned in your inquiry are now persons residing elsewhere than in a city of 10,000 inhabitants or more and are exempt from the payment of the poll tax by Article 2960, Vernon's Annotated Civil Statutes. Therefore, these persons need obtain no exemption certificate in order to entitle them to vote, provided, they continue to reside in Guadalupe County. However, if such persons move to San Antonio and establish their residence there, before they are entitled to vote they must obtain a certificate of exemption as required by Article 2968, Vernon's Annotated Civil Statutes. Under the facts stated in your letter, these persons will move to San Antonio after Jan. 31, 1942, and will be unable to secure their certificates of exemption in San Antonio, Texas. However, such persons,

to be entitled to vote in San Antonio, must have their exemption certificates. However, if such persons reside in Bexar County and not in a city of 10,000 inhabitants or more, it is not necessary for them to obtain an exemption certificate in order to entitle them to vote.

Although the statutes do not require persons who are 60 years of age or over, residing elsewhere than in a city of 10,000 inhabitants or more and who are exempt from the payment of poll tax in accordance with the provisions of Article 2960, supra, need obtain no exemption certificate in order to entitle them to vote, the statutes do not prohibit such persons from obtaining exemption certificates.

Therefore, it is our opinion that the above mentioned persons can obtain their exemption certificates in Guadalupe County before moving to Bexar County, and if such exemption certificates are obtained before February 1, 1942, such persons will be entitled to vote in Bexar County, Texas, provided, such persons shall not otherwise be disqualified, by law.

However, in this connection we want to point out that the county or State would not be liable for the fees as provided by Article 2994, Vernon's Annotated Civil Statutes, to the tax assessor collector for issuing such exemption certificates where the same are not required by law as in the matter under consideration.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____

Ardell Williams
Assistant

APPROVED JAN 29

AW:AMM